IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAWRENCE VERLINE WILDER, SR.
  Petitioner
               :

v.                       :   CIVIL ACTION NO. PWG-16-295

STEPHEN T. MOYER, Secretary, *et al.*,  :
  Respondents

**MEMORANDUM**

Lawrence Verline Wilder, Sr. ("Wilder") petitions this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. His petition, signed January 22, 2016, was received by the Clerk on February 2, 2016. Wilder did not pay the $5.00 filing fee, nor did he move for *in forma pauperis* status. Wilder need not correct this deficiency. As noted herein, his petition must be denied and dismissed.

**Procedural History**

Wilder seeks to attack a 2002 conviction in the Circuit Court for Baltimore County, Maryland, arising out of an incident involving second-degree assault, reckless endangerment, attempting to elude police, and related charges. *See State of Maryland v. Wilder*, No. 03K01003081 (Balto. Co. Cir Ct).[1] Wilder was committed to a mental health facility for a determination of competency and eventually released on bail to await trial. Wilder failed to appear at his February 19, 2002 trial, and a bench warrant was issued. On June 4, 2002, Wilder pleaded guilty to one count of second-degree assault on an agreed statement of facts, and was ordered to continue in a mental health program and continue taking his medication. Although it appears Wilder was subject to some type of probationary oversight lasting 18 months (Pet. 1, ¶ 5, ECF No. 2), no period of incarceration was imposed. The probationary period has long since

---

[1] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?

expired.

Even though his sentence had expired, on February 29, 2005, Wilder petitioned the Circuit Court to overturn the conviction, citing new and material evidence. This and similar requests and motions, later amended to include claims of ineffective assistance of counsel, prosecutorial and police misconduct, and "disability discrimination," have been denied by the Circuit Court and Maryland Court of Special Appeals on various occasions over the ensuing years. Motions to reopen filed in December of 2015, including a motion "citing federal pardon,"[2] and a request for appointment of counsel, remain pending. *See* electronic docket entries.

## Legal Standards

### "In Custody" Requirement

Under 28 U.S.C. § 2254(a) "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added). The custody requirement is not satisfied where the conviction under attack was merely used to enhance a later-imposed sentence. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). Federal habeas relief is unavailable where a petitioner "suffers no present restraint from a conviction." *Id.* Thus, where a sentence has fully expired, the custody requirement is not satisfied and this Court has no jurisdiction to consider the claims raised. *Id.* at 490; *see also Lackawana Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (recognizing that "in custody" requirement precluded defendant no longer serving sentence imposed on prior convictions from bringing federal habeas petition directed solely at those convictions).

---

[2] Wilder states that he was pardoned by then-President George W. Bush in 2003. Pet. 16, 19, 20.

It is also clear that § 2254's requirement that a habeas petitioner be "in custody" pursuant to the contested state conviction raises a threshold jurisdictional question. *Maleng*, 490 U.S. at 490 (stating that "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States'") (emphasis in original); *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004) (stating that "[t]he 'in custody' language of § 2254 is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition") (citing *Maleng*, 490 U.S. at 490–91).

Of course, to meet the jurisdictional "in custody" requirement, a § 2254 petitioner need not be in actual physical custody of state authorities at the time a habeas petition is filed. Thus, it is well-settled that an ongoing term of probation or parole is a sufficient restraint on a petitioner's liberty to allow the petitioner to attack a state sentence on constitutional grounds pursuant to § 2254. *See, e.g., Jones v. Cunningham*, 371 U.S. 236, 242 (1963) (holding that a prisoner who had been placed on parole was still "in custody" under an unexpired state sentence for habeas purposes because the petitioner's release from physical confinement was not unconditional and "the custody and control of the Parole Board involves significant restraints on petitioner's liberty"). But it is equally well-settled that "[o]nce the sentence imposed for a conviction has *completely expired*, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492, (emphasis added). Significantly, a habeas petitioner does not remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. *Id*.

## Statute of Limitations

Since April 24, 1996, a one-year statute of limitations applies to state prisoners filing petitions for federal habeas relief in non-capital cases under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d).[3] This one-year period is tolled while properly filed post-conviction proceedings are pending.

## Analysis

There is no material dispute that Wilder is no longer in physical custody on his 2002 conviction. Any adverse consequence experienced as a result of this state conviction does not alter this determination. He has failed to meet the "in custody" requirement of § 2254. Further, Wilder's one-year limitations period under 28 U.S.C. § 2244(d) has long since expired.

## Conclusion

For these reason, the petition will be denied and dismissed with prejudice. When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of

---

[3] This section provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Wilder has not made this showing. Denial of a Certificate of Appealability in the district court does not preclude Wilder from requesting a Certificate of Appealability from the appellate court.

A separate Order shall follow.

03|04|6
Date

Paul W. Grimm
United States District Judge